# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALLENS, INC.,**
          **Plaintiff,**

v.                                          Case No. 12-C-0749

**LITTLE LADY FOODS, INC.,**
          **Defendant.**

## DECISION AND ORDER

In this diversity case, Allens, Inc., sues Little Lady Foods, Inc., for breach of contract. Allens alleges that it supplied frozen vegetables to Little Lady pursuant to Little Lady's purchase orders, but that Little Lady did not pay for the vegetables when invoiced. Little Lady has filed a counterclaim. The counterclaim alleges that Allens's frozen vegetables, which Little Lady intended to incorporate into frozen pizzas, did not conform to the purchase orders because they contained inedible and dangerous debris, such as rocks, salt, plastic, rubber and wood.

Allens has filed two motions under Federal Rule of Civil Procedure 12: a Rule 12(f) motion to strike Little Lady's second affirmative defense, and a Rule 12(e) motion for a more definite statement concerning Little Lady's counterclaim. After Allens filed these motions, Little Lady amended its second affirmative defense, and it appears that the amendment has cured the deficiencies identified in Allens's motion to strike. Therefore, the motion to strike will be denied as moot.

In its motion for a more definite statement, Allens contends that the counterclaim is vague or ambiguous because it does not identify the specific shipments of vegetables

that allegedly contained the inedible and dangerous debris. However, Rule 12(e) motions are designed to deal with unintelligibility rather than lack of detail, see 2 James Wm. Moore, Moore's Federal Practice–Civil, § 12.36[1] (3d ed. 2012), and Little Lady's failure to identify specific shipments does not render the counterclaim unintelligible. The counterclaim clearly indicates that Little Lady seeks compensation for the damages caused by Allens's failure to deliver conforming vegetables between October 2010 and March 2012. Thus, Allens has enough information about the counterclaim to file a responsive pleading. If the lack of detail about specific shipments prevents Allens from admitting or denying certain allegations of the counterclaim, Allens can state that it lacks knowledge or information sufficient to form a belief about the truth of those allegations. See Fed. R. Civ. P. 8(b)(5). Allens may then obtain information concerning specific shipments during discovery. If, during discovery, Allens learns that a third party may be responsible for the contamination and wishes to join that party to this litigation, it may seek to do so at that time. See Fed. R. Civ. P. 16(b) (deadline to join parties must be included in court's discovery scheduling order).

Accordingly, **IT IS ORDERED** that Allens's motion to strike is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Allens's motion for a more definite statement is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge

2

Case 2:12-cv-00749-LA    Filed 01/25/13    Page 2 of 2    Document 15